IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELVIN LEWIS SEALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-785-MHT-WC |
| | ) | |
| BRANCH BANKING AND TRUST CO., | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's "Notice of Objection to Defendant's Remand Notice and Brief in Support to Separate the State and Federal Issues" (Doc. 6), which the court has liberally construed as a motion to remand this matter to the state court. *See* Doc. 8. On November 17, 2017, the District Judge referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 3. Defendant has filed a Response (Doc. 9) in opposition to the motion to remand, and Plaintiff has additionally filed his "Response to Defendant's Opposition to Remand" (Doc. 10) and "Memorandum in Support of Motion to Remand and Answer to Defendant's Opposition" (Doc. 11), in which he appears to at least partly present additional argument in support of his construed motion to remand. As the matter is fully briefed, it is ripe for recommendation to the District Judge. For the reasons that follow, the undersigned RECOMMENDS that Plaintiff's Motion to Remand (Doc. 6) be DENIED.

I.  **BACKGROUND**

Plaintiff initiated this matter by filing a Complaint (Doc. 1-1) against Defendant in the Circuit Court of Crenshaw County, Alabama, on October 20, 2017.  The Complaint purports to concern Defendant's alleged attempt to eject Plaintiff from property for which he claims rightful ownership.  Doc. 1-1 at 1, 4.  In pertinent part, Plaintiff seeks through the Complaint a declaration that Defendant's "alleged Title of Property, the 'DEED', dated July 14, 2014, [is] unlawful, "Noid [sic] and Voided[.]" Doc. 1-1 at 6.  In addition, Plaintiff seeks an order permanently enjoining Defendant "from entering upon his property or any further filing of evictions Procedures[.]" *Id.*  Defendant filed its Notice of Removal (Doc. 1) in this court on November 16, 2017, basing the removal upon diversity jurisdiction.  Doc. 1 at 2-3.

Plaintiff timely filed his construed motion to remand on December 1, 2017.  *See* Doc. 6.  Although the motion is substantially weighted by argument that is irrelevant to the question of removal and this court's subject matter jurisdiction, Plaintiff does plainly state in the motion that "BB&T's removal suffered from jurisdictional and procedural defects, regarding subject-matter jurisdiction[.]" *Id.* at 7.  Plaintiff provides a lengthy discussion of some of the legal principles concerning a federal court's removal jurisdiction (*id.* at 7-13), but he never explicitly states the precise nature of his objection to removal, that is, he does not clearly identify the supposed "jurisdictional and procedural defects" that he believes deprive this court of diversity jurisdiction.  The closest he comes is when he appears to fault Defendant for failing to "file as evidence its 'DEED dated' July 24, 2014, . . . which shows the purchase price of $55,400.00 which is part of the subject matter of

2

this case[.]" *Id.* at 14.  To the extent this is an argument that the statutory amount in controversy is not satisfied, it is consistent with Defendant's arguments in his later briefing that the amount in controversy is not satisfied because the "purchase amount of the alleged property (the land) was $52,000.00 by Branch Banking and Trust Company alleged on 01/18/2014." Doc. 11 at 3.  *See also* Doc. 10 at 7 ("Whereas, the amount in controversy is $52,500.00 . . . it does not exceed the $75,000.00 and this case should remain in the state court[.]").    Defendant maintains that the amount in controversy is satisfied.  *See* Doc. 9 at 2.

## II.    DISCUSSION

Federal courts are courts of limited jurisdiction. Congress has granted federal district courts original subject-matter jurisdiction over only two types of civil actions: (1) those "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) those that involve an amount in controversy in excess of $75,000.00 "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," 28 U.S.C. § 1332.  Pursuant to 28 U.S.C. § 1441(a), defendants have the right to remove an action from state court to federal court, so long as the federal court would have had original subject-matter jurisdiction over the action pursuant to § 1331 or § 1332.  While defendants have a right to remove, "removal statutes are construed narrowly; [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, Defendant bases removal upon diversity jurisdiction. Doc. 1 at 2-3. Removal based upon diversity jurisdiction is possible "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). Further, in order to establish diversity jurisdiction, the amount in controversy between the parties must exceed $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a).

*Diversity of Citizenship*

Plaintiff's Complaint alleges that Plaintiff "is a resident and citizen of Cuyahoga County, Ohio," while Defendant "is allegedly a North Carolina state-chartered bank doing business in Crenshaw County, Alabama." Doc. 1-1 at 3-4. Thus, on the face of the Complaint, as the parties are residents of different states and Defendant is not a resident of Alabama, complete diversity exists. Indeed, Plaintiff appears to concede that complete diversity exists. *See* Doc. 11 at 3. As such, the undersigned finds that the parties are diverse for purposes of § 1332, and will proceed to address whether Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

*Amount in Controversy*

If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). In some cases, this burden requires

4

the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001)).

In its notice of removal, Defendant relies upon Crenshaw County's tax appraisal of the real property that underlies Plaintiff's suit to meet its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.00. Doc. 1 at 2. Defendant has attached to its Notice of Removal the Crenshaw County Property Record Card, which reflects an appraised value of $82,880.00 in 2016. *See* Ex. A to Def.'s Not. of Removal (Doc. 1-3). Because the appraised value of the real property exceeds the jurisdictional amount of $75,000.00, Defendant submits the amount in controversy is satisfied. Doc. 1 at 2; Doc. 9 at 2. Plaintiff, on the other hand, appears to argue that the amount in controversy is not satisfied because Defendant supposedly paid $52,500.00 to acquire the property. *See* Doc. 10 at 7; Doc. 11 at 3.

As Plaintiff's Complaint appears to challenge the propriety of the process by which Defendant acquired the subject property and seeks to both obtain a declaration that Defendant's ownership of the property is "void" and to permanently enjoin Defendant from "entering upon his property," *see* Doc. 1-1 at 5-6, the core of Plaintiff's Complaint concerns ownership of, not merely the right to possess, the subject property. As such, the value of the property is an appropriate measure for the amount in controversy. *See, e.g., McClung*

*v. Mort. Elec. Registration Sys., Inc.*, No. 2:11-cv-03621-RDP, 2012 WL 13032896, at *4 (N.D. Ala. March 27, 2012) ("By seeking a permanent injunction against foreclosure of their property, however, Plaintiffs have placed the monetary value of the object of the litigation—their property—in controversy."). *See also Cohen*, 204 F.3d at 1077 (stating that, where injunctive relief is sought, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. . . . In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted."). Because the current value of the property is thus at issue in determining the amount in controversy, Defendant is entitled to rely upon the appraised value of the property by a local tax authority in producing evidence of the property's value. *See McClung*, 2012 WL 13032896, at *2-*4 (finding amount in controversy satisfied where the defendant produced evidence showing that the subject property's recent tax assessment was far in excess of $75,000.00).

Plaintiff does not appear to oppose this principle, i.e., that the amount in controversy is commensurate with the value of the property. Rather, he appears to simply be arguing that the property cannot be worth its appraised value because Defendant did not pay that amount to obtain the property. *See* Doc. 11 at 3; Doc. 10 at 7. However, Plaintiff presents no authority for his apparent position that the value of the property, for purposes of determining the amount in controversy, is the amount Defendant paid to acquire the property as opposed to its appraised value. Nor is any known to the undersigned. Plaintiff also fails to present any authority for his even more convoluted argument that the amount in controversy is only $15,400.00 because his original mortgage on the property was for

6

$90,400.00, and subtracting $75,000.00 from that amount leaves only $15,400.00. *See* Doc. 11 at 3-4. Defendant has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00. This fact, coupled with the complete diversity of the parties, provides the court with diversity subject matter jurisdiction. As such, Plaintiff's motion to remand this matter to the state court is due to be denied.

### III.    CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion to Remand (Doc. 6) be DENIED and that this matter be REFERRED back to the undersigned Magistrate Judge for further proceedings. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 10, 2018**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 27th day of August, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE