IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN LEWIS SEALEY, | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) Civil Case No.: 2:17cv785-MHT-SMD |
| BRANCH BANKING AND TRUST COMPANY | ) |
| Defendant/Counter-claimant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

This is now the fourth lawsuit filed by *pro se* plaintiff Melvin Lewis Sealey ("Sealey") against defendant Branch Banking and Trust Company ("BB&T" or "the Bank") arising from the Bank's foreclosure on approximately 38 acres of farm land in Crenshaw County, Alabama (the "property"). Pending before the court is BB&T's motion for summary judgment asserting that Sealey's claims are barred by *res judicata*.[1] (Doc. # 12). In *Sealey v. BB&T*, 693 F. App'x 830, 833-834 (11th Cir. 2017) ("*Sealey III*"), the Eleventh Circuit affirmed dismissal of Sealey's third lawsuit on claim preclusion, or *res judicata* grounds, and this fourth lawsuit deserves the same fate. Accordingly, for the reasons stated below, the undersigned Magistrate Judge RECOMMENDS that BB&T's motion be granted and that this action be DISMISSED

---

[1] By Order dated November 17, 2017, this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.  (Doc. # 3).

WITH PREJUDICE.

## II.   FACTUAL & PROCEDURAL BACKGROUND

In April 2004 Sealey, an Ohio resident, borrowed $89,400 from Colonial Bank ("Colonial") secured by a mortgage on approximately 38 acres of farm land on Highway 331 in Brantley, Alabama.  Ex. K, *BB&T v. Sealey*, Case No. 24-CV-2013-900064.00 (Cir. Ct. Crenshaw County, Ala) complaint Exs. A&B, loan agreement & mortgage.[2] Colonial was declared insolvent in August 2009, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver.  Ex. B, certificate of appointment. BB&T purchased Colonial's assets from the FDIC and received a blanket assignment of Colonial's security instruments and loan documents. Ex. D, assignment of security instruments and other loan documents.  The FDIC also executed an individual allonge assigning Sealey's mortgage to BB&T.  Exhibit E, allonge.  Sealey had stopped paying on the loan in April 2009, and in July 2104, BB&T foreclosed on the property.  Exhibit K, *BB&T v. Sealey*, Case No. 24-CV-2013-900064.00 (Cir. Ct. Crenshaw County, Ala) complaint Exs. N foreclosure notice & P foreclosure deed.

On September 14, 2014, Sealey filed suit against BB&T, its senior vice president, chief executive officer, and their counsel in the Circuit Court of Crenshaw County, Alabama.  *Sealey v. Stidham, et al.*, Civil Action No. CV-14-16 (Cir. Ct. Crenshaw,

---

[2] Defendant BB&T's motion incorporates by reference its statement of undisputed facts with supporting exhibits filed in *Seally III*, and the exhibit references here refer to that prior filing.  (*Seally III*, Doc # 8) at 3-6 and supporting exhibits.

2

County, Ala. 2014)("*Sealey I*").[3]  Sealey sought declaratory and injunctive relief invalidating the foreclosure on the apparent theory that BB&T had no legally enforceable interest in the loan originated by Colonial.  BB&T removed the action to this court and moved to dismiss.  *Sealey I,* Civil Action Number 2:14-cv-01036 (M.D. Ala. 2014) (Docs. ## 1, 2).  The magistrate judge issued a recommendation that BB&T's motion be granted (Doc. # 30), and in response Sealey filed a notice of voluntary dismissal.  *Sealey I*, (Docs. ## 34 & 36).

On October 28, 2014, while *Sealy I* was still pending, Sealey filed a second suit in this court against BB&T, its officers, and counsel.  *Sealey v. Stidman, et al.*, Case No. 2:14-cv-01117-MHT-WC (M.D. Ala. 2014) ("*Sealey II*").  Again, Sealey challenged BB&T's authority to acquire his Colonial loan.  *Sealey II*, Complaint (Doc # 1) at 1-2.  He demanded free and clear title to the property and $4.4 million in damages.  *Id.* at 19.  Defendants moved to dismiss this second lawsuit (Doc. # 9), the magistrate judge issued a recommendation that the motion be granted (Doc. # 26), and Sealey again sought to avoid the effect of the recommendation by filing a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i).  (Doc. # 29).

On October 14, 2015, Sealey returned to State court and filed a third lawsuit against BB&T seeking an order voiding the foreclosure of the property as well as compensatory and punitive damages.  *Sealy v. BB&T*, Civil Action No. CV-2015-11

---

[3] The court takes judicial notice of its own records.  *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (unpublished) (holding that in determining preclusive effect of previous litigation it is proper to take judicial notice of court records).

(Cir. Ct. Crenshaw County, Ala.) ("*Sealy III*").  BB&T removed the case to this court and moved to dismiss on *res judicata* grounds, arguing that Sealey's second voluntary dismissal operated as an adjudication on the merits under Rule 41(a)(1)(B)'s two-dismissal rule.  *Sealy III*, Case No. 2:15-cv-00837-WKW-TFM (M.D. Ala. 2015) (Doc # 6) at 1-6.  The magistrate judge issued a recommendation that BB&T's motion be granted, and the district court adopted it and dismissed the case with prejudice.  *Sealey III* (Docs. ## 25, 31).  Sealey appealed to the Eleventh Circuit, and the Court of Appeals affirmed holding that "the district court correctly concluded that claim preclusion applied to bar Sealey's current suit against BB&T."  *Sealey III*, 693 F. App'x at 833.

Undeterred, Sealey filed this fourth lawsuit against BB&T seeking to void the foreclosure.  *Sealey IV*, Compl. (Doc. # 1) pp. 4-8 ¶¶ 8-16.

### III. LEGAL STANDARD

**Summary Judgment**

A party may move for summary judgment at any time.  Fed. R. Civ. P. 56(b).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The legal elements of the claim dictate which facts are material and which are irrelevant.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  The party opposing summary judgment may not rest upon the mere allegations in the complaint but must come forward

with evidence that contradicts the moving party's evidence and creates a genuine issue for trial.  *Id.*

The Eleventh Circuit instructs that although "pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 996 F.2d 667, 670 (11th Cir. 1990).  Moreover, the leniency toward *pro se* litigants does not permit courts to act as "*de facto* counsel."  *Campbell v. Air Jamaica, Ltd.,* 760 F.3d 1165, 1168-69 (11th Cir. 2014); *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

**IV.    PLAINTIFF'S CLAIMS**

Sealey's complaint here alleges that he obtained a loan from Colonial secured by a mortgage on the property in April 2004 with a maturity date in April 2009.  Compl. (Doc. # 1) p. 3 ¶¶ 1-2.  Sealey alleges that BB&T lacked authority to foreclose because his mortgage "expired" before BB&T acquired Colonial's assets in October 2009.  Compl. (Doc. # 1) pp. 4 ¶¶ 4-7, 5 ¶ 10.  He seeks declaratory and injunctive relief preventing BB&T from taking possession of the property.   Compl. (Doc. # 1) pp. 4-8 ¶¶ 8-16.

V.     DISCUSSION

**<u>Claim Preclusion</u>**

The doctrine of claim preclusion, or *res judicata*, "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). *See also*, *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)(explaining that "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion which are collectively referred to as 'res judicata'"). The doctrine "is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies." *Baptiste v. C.I.R.*, 29 F.3d 1533, 1539 (11th Cir. 1994).

The Supreme Court has long stressed that "the doctrine of res judicata serves vital public interests[.] . . . Public policy dictates that there be an end to litigation; that those who have contested an issue be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (internal quotes and citation omitted). "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McMurry*, 449 U.S. 90, 94 (1980). The doctrine is not a mere technicality, but rather "a rule of fundamental and substantial

justice, of public policy and private peace, which should be cordially regarded and enforced by the courts." *Federated Dep't Stores,* 452 U.S. at 401(internal quotes and citation omitted).

*Res judicata* is an affirmative defense, Fed. R. Civ. P. 8(c)(1), and the party asserting it bears the burden of showing "that the later-filed suit is barred." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). To do this, the party must establish the following four elements: (1) that the prior judgment was rendered by a court of competent jurisdiction; (2) that it was a final judgment on the merits; (3) that both cases involved the same parties or their privies; and (4) that both cases involved the same cause of action. *Lobo*, 704 F.3d at 892; *Piper Aircraft*, 244 F.3d at 1296. When these elements are established, claim preclusion "constitutes an **absolute bar** to a subsequent judicial proceeding[.]" *Baptiste*, 29 F.3d at 1539 (emphasis added). The prior judgments in *Sealey II* and *III* easily satisfy the claim preclusion standard here.

On the first element, the Supreme Court instructs that "a court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it." *Lighfoot v. Cendant Mortg. Corp.*, __U.S.__, 137 S.Ct. 553, 560-561 (2017). In *Sealey III,* the Eleventh Circuit held that this court had federal-question jurisdiction over Sealey's prior lawsuits and was therefore a court of competent jurisdiction. *Sealey III*, 693 F. App'x at 833.

Next, for purposes of claim preclusion, dismissal with prejudice is a final

7

judgment on the merits.  *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).  "The phrases 'with prejudice' and 'on the merits' are synonymous terms, both of which invoke the doctrine of claim preclusion."  *Id.*  Any "contention that a judgment on the merits only occurs when the rendering court has addressed the substance of every claim to be later precluded is baseless."  *Lobo*, 704 F.3d at 893.  When Sealey voluntarily dismissed *Sealey II* after previously dismissing *Sealey I,* it was "an adjudication on the merits" under Rule 41(a)(1)(B)'s two-dismissal rule.  *Sealey III*, 693 F. App'x at 834.  In addition, this court's dismissal of *Sealey III* with prejudice on claim preclusion grounds, which was affirmed by the Eleventh Circuit, is also a final judgment on the merits.  *Sealey III*, (Docs. ## 32, 39).

As required by the third element, the cases also involve the same parties or their privies.  In *Sealey III* and here, Sealey sues BB&T as the sole defendant, so the parties in these cases are identical.  With respect to *Sealey II*, the Eleventh Circuit held that the individual BB&T employee defendants were in privity with BB&T, so that element is satisfied for *Sealey II* as well.  *Sealey III*, 693 F. App'x at 835.

On the final element, all three cases involve the same cause of action.  Causes of action are the same for claim preclusion purposes when they "arise[] out of the same nucleus of operative fact" or involve "the same transaction or series of transactions."  *Piper Aircraft*, 244 F.3d at 1297 (internal quotes and citation omitted).  *Sealey II, Sealy III*, and this case all arise from BB&T's foreclosure on Sealey's farm property in

Crenshaw County, so they involve the same cause of action. Accordingly, the four elements necessary for claim preclusion are satisfied, and the doctrine serves as an absolute bar to this or any subsequent action by Sealey against BB&T or its privies concerning the foreclosure on the property.

Finally, the undersigned would be remiss to ignore an additional feature of this case. Review of the case file shows that Sealey has utilized many of the tactics and legal-sounding but meaningless documents such as "affidavits of truth" commonly utilized by adherents to the so-called sovereign-citizen movement. *See, e.g., Bey v. United States*, 2016 WL 6238489 *3 (C.D. Ill. 2016). Claim preclusion should be sufficient to dissuade Sealey, if he is acting in good faith, from continuing to sue BB&T. But if he persists with additional lawsuits, sanctions may well be in order. *Id.*

## VI. CONCLUSION

In conclusion, for the reasons stated above, the undersigned Magistrate Judge

RECOMMENDS that Defendant BB&T's Motion for Summary Judgment (Doc. # 12) be GRANTED and that Sealey's complaint be DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **March 7, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be

considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017) (unpublished).

Done this 21st day of February, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE